# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1369-22

N.T.,

    Plaintiff-Respondent,

v.

A.T.,

    Defendant-Appellant.

_____

Submitted May 7, 2024 – Decided May 21, 2024

Before Judges Mayer and Whipple.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Union County, Docket No. FV-20-0493-12.

A.T., appellant pro se.

Respondent has not filed a brief.

PER CURIAM

    Defendant A.T. appeals from a December 16, 2022 order of the Family Part denying a motion for reconsideration after the court denied the original motion to

dismiss. Defendant also filed notices of appeal dated January 13, and March 2, 2023, appealing from the same December 16, 2022 order denying reconsideration. Additionally, the Appellate Division received a notice of appeal on January 31, 2023, purporting to appeal from an order dated January 4, 2023. Defendant failed to include a copy of this order in his appendix. Notwithstanding the inconsistent and incomplete record presented, we determine the only order under appeal is the December 16, 2022 order denying defendant's motion for reconsideration. We affirm that order.

Defendant submitted a brief[1] recounting the extensive procedural history of his divorce from plaintiff but omitted the orders and judgments he references in his brief. In his appendix, he identified his motion for reconsideration of his motion to dismiss the Final Restraining Order (FRO) as the "Motion Document Appealed." In defendant's Case Information Statement, he claims to appeal from the December 16, 2022 order and an order dated August 5, 2022, denying

---

[1] We are unable to determine whether all of the documents defendant submitted in his appendix were part of the record before the trial judge. Defendant also failed to provide transcripts on appeal.

dismissal of the FRO.[2]  Also attached to the Case Information Statement, but not

included in the appendix, is a December 16, 2022 letter decision from Judge

Frederic McDaniel that states:

> Defendant filed this [m]otion seeking reconsideration of the [c]ourt's August 5, 2022 [o]rder denying the [d]efendant's Motion to Dismiss the [FRO]. . . .  This [m]otion was considered on the papers submitted. Under [Rule] 4:49-2, Motion to Alter or Amend a Judgment or Order "except as otherwise provided by R[ule] 1:13-1 (clerical errors), a [m]otion for rehearing or reconsideration seeking to alter or amend a [j]udgment or [o]rder shall be served not later than twenty (20) days after service of the [j]udgment or [o]rder upon all parties by the party obtaining it.  The [m]otion shall state with specificity the basis upon which it is made, including a statement of the matters or controlling decisions which counsel believes the [c]ourt has overlooked or to which it has erred, and shall have annexed thereto a copy of the [j]udgment or [o]rder sought to be reconsidered and a copy of the [c]ourt's corresponding written opinion, if any."
>
> In [d]efendant's [m]otion he states that he seeks to "amend the [o]rder as the basis and matters of the controlling decision was overlooked and because the [p]laintiff committed perjury during the hearing."  He also contends that the [p]laintiff does not fear him.  He claims that this [is] evidenced by the [p]laintiff

---

[2]  The August 5, 2022 order specifically stated it is accompanied by a written decision denying defendant's motion to dismiss.  Defendant failed to provide a copy of the judge's written decision and thus, we decline to consider any appeal of that order.  See R. 2:6-1(a)(1)(D) (an appendix shall contain "any opinions or statement of findings and conclusions").

3

allowing her daughter to enter [d]efendant's home and that she "stopped by his house many times." The [d]efendant also argues once more, that the [p]laintiff worked in a jail.

He argues that he does not have a criminal record, never had a car accident, moving violation, never got drunk, never smoked and was never in any "aggressive altercation." He offers that he was an air force officer and still flies airplanes.

He claims that "the testimony of the [p]laintiff is all imaginary and hearsay and is not based on evidence."

He claims that the [p]laintiff's motive[] is to "humiliate" him and that her opposition is not made in good faith.

Defendant complains that he did not get a written opinion regarding factor eleven set forth in Carfagno.[3] He also argues that there was a risk assessment that did not indicate that he is a risk to anyone.

The [c]ourt is unclear as to what the [d]efendant means when he states that he "seeks to amend the [o]rder as the basis and matters of the controlling decision was overlooked[.]"

It appears to be a misquote of R[ule] 4:49-2 in which the [Rule] requires a statement, with specificity of the basis upon which it is made.

That includes a statement of the matters or controlling decisions which he believes the [c]ourt overlooked or as to which it has erred.

---

[3] Carfagno v. Carfagno, 288 N.J. Super. 424 (Ch. Div. 1995).

The [d]efendant fails to offer any case law in his argument and instead repeats the same arguments that he made in his original Motion to Dismiss which the [c]ourt previously considered and addressed in its written opinion. The [c]ourt also notes that although [d]efendant states that he is seeking to amend the [FRO], he is not. He is seeking to have it vacated.

The [d]efendant's claims that the [p]laintiff committed perjury during the hearing is not supported by any evidence and would have been more properly a subject for appeal to the Appellate Division.

All other claims made by the [d]efendant were considered by the [c]ourt and will not now be readdressed. This includes his claim that she does[ not] fear him because her child went to [his] home and the fact that she worked in a jail.

All other claims including that he does not have a criminal record, never had an accident or violation, has never been drunk or smoked and never involved in a[n] aggressive altercation are issues that are not suitable for argument under a [m]otion to reconsider. Neither would [d]efendant's air force service or ability to fly planes.

Other claims regarding the fact that he never violated the Restraining Order, that he has a clean history and morality, and that her objective is to humiliate him [] were issues for consideration at the [FRO] hearing.

Defendant's risk assessment findings are not germane as they would not address potential risk to the [p]laintiff.

Finally, the [c]ourt did not find any other factors that were deemed relevant as set forth under factor eleven in the Carfagno case.

For the forementioned reasons, the [d]efendant's [m]otion is denied.

On appeal, defendant argues the trial judge did not consider the Carfagno factors. He further argues the FRO should be vacated, because plaintiff is not credible and is not afraid of him.

We reject defendant's argument. As a preliminary matter, although the entirety of defendant's brief argues the judge erred in granting the FRO, defendant only appeals from the denial of his motion for reconsideration. Accordingly, we decline to address defendant's arguments related to the FRO. See W.H. Indus. v. Fundicao Balancins, Ltda, 397 N.J. Super. 455, 458-59 (App. Div. 2008) (finding that it is only the orders on appeal that are subject to review); Fusco v. Bd. of Educ. of City of Newark, 349 N.J. Super. 455, 461-62 (App. Div. 2022).

Moreover, on the minimal record provided by defendant, we are satisfied the judge's denial of reconsideration was not an abuse of discretion. An appeal from the denial of a motion for reconsideration is governed by Rule 4:49-2. A motion for reconsideration is addressed to the trial court's sound discretion. Capital Fin. Co. of Del. Valley, Inc. v. Asterbadi, 398 N.J. Super. 299, 310 (App.

6

Div. 2008). "Reconsideration should be utilized only for those cases [where] . . . either 1) the [c]ourt has expressed its decision based upon a palpably incorrect or irrational basis, or 2) it is obvious that the [c]ourt either did not consider, or failed to appreciate the significance of probative, competent evidence." Cummings v. Bahr, 295 N.J. Super. 374, 384 (App. Div. 1996) (internal quotation marks and citation omitted). Neither grounds for reconsideration are applicable in this case. On this record, we are satisfied Judge McDaniel's decision was not palpably incorrect, and he appropriately considered the evidence presented in reviewing defendant's reconsideration motion.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

7